## N. T. Merry et al., v. A. F. Calvin.

1. INSTRUCTIONS—*must not take from jury question of fact in issue.*
An instruction is erroneous which takes from the jury the determination of a question of fact in issue and material to the decision of the case.

2. INSTRUCTION—*when erroneous, will not reverse.* An erroneous instruction will not reverse where it is apparent from the verdict itself that the jury disregarded the same.

Action of assumpsit. Appeal from the Circuit Court of Effingham County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

R. C. HARRAH, for appellants; S. F. GILMORE, of counsel.

FITHIAN, SHAMHART & WILLIAMS, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit in assumpsit against appellants and others on a promissory note for $800, dated March 10, 1903, and payable on or before June 1, 1904, to William Eaton Moore, by whom it was indorsed to appellee. The defendants joined in two special pleas by which it was averred that the note was assigned to plaintiff after maturity and by one of said pleas that there was no consideration for the note and the other that the consideration had wholly failed. A trial by jury resulted in a verdict and judgment for the plaintiff for $228.92, from which the appellants appealed. It appears that the note in suit was given in purchase of one imported German coach stallion named "Brandmeister," bought of the said William Eaton Moore for breeding purposes, and that the stallion was sold with a certificate or pedigree, in which was set forth the registry number, age, color and description of the horse. It is averred in and by the pleas that the horse sold and delivered with the pedigree was not the horse "Brandmeister" in the pedigree described, and that Moore fraudulently substituted another and older horse, which he colored and painted to meet the description required by the pedigree,

and thus imposed upon appellants. There was conflict of evidence upon all material issues made by the pleadings. In this condition of the record the verdict of the jury must be held conclusive unless there is found prejudicial error in the proceedings by which the verdict was obtained.

Complaint is made of the first of appellee's given instructions. By it the jury were told that if any of the defendants with knowledge as to whether the horse in question was the identical horse named in the pedigree assisted in the sale of the horse for which the note was given, and were paid by the payee of the note for their services in that behalf, then the defense of want of consideration cannot be available to such defendants as may have been so compensated. It is not disputed that defendants, appellants, Merry, Perkins and Adams were each paid for services in effecting the sale of the horse and the execution of the note. Whether or not as to them this payment for service was part of the consideration for the note under the evidence and pleadings should properly have been left to the jury. There is evidence from which such finding would have been justified. It is doubtful that either of the makers mentioned would have joined in the purchase or signed the note without this added consideration. The instruction is erroneous in that it takes from the jury the question of whether the sum paid for services entered into the consideration of the note and authorized a verdict against a part and not all the defendants. Nevertheless it may not be said to have influenced the jury to the prejudice of appellants, for the verdict is in manifest disregard of the instruction. Other instructions complained of are substantially correct in the statement of legal propositions, and though subject to some criticism in form and application under the evidence, yet in view of all the instructions given at the instance of both the plaintiff and the defendants, we are unable to say that the jury were misdirected or misled as to the law applicable to the facts in the case. Upon examination of the evidence as it appears in the abstract, we are of opinion that the trial court ruled correctly

upon the testimony to which appellants objected and for which error has been assigned and pointed out in argument. Finding no prejudicial error in the record affecting the substantial justice of the judgment in the Circuit Court, it will be affirmed. .

*Affirmed.*